UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL JAMES SMITH, | ) | CASE NO. 5:24 CV 524 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SAM BAILEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Darrell James Smith filed this action under 42 U.S.C. §§ 1983, 1985, and 1986, 42 U.S.C. § 2000e, and 18 U.S.C. § 1505 against the Holmes County Commissioners, Holmes County Sheriff's Office Investigators, Holmes County Investigator Jim Henry, Holmes County Assistant Prosecutor Michael Bickis, the Holmes County Grand Jury for the March term of 2022, Holmes County Prosecutor Matthew Muzic, Holmes County Sheriff Timothy W. Zimmerly, former Millersburg Mayor Jeff Huebner, Holmes County Treasurer Lee Mast, Holmes County Auditor Jackie McKee, and Holmes County Chief Deputy Richard L. Haun. Plaintiff claims he was shot and the Defendants failed to obtain an indictment for individual who shot him. He asserts claims for denial of due process, failure to investigate, ineffective assistance of counsel, inadequate justice, abuse of power, malicious prosecution, suppression of evidence, grand jury abuse, judicial misconduct, deliberate indifference, official misconduct, gross negligence, selective enforcement, selective prosecution, failure to provide equal protection to the victim, unlawful employment practices, obstruction of justice, aiding and abetting, misuse of power,

misrepresentation, conspiracy, retaliation, inadequate supervision, engaging in a pattern of corrupt activity, and manifest injustice. He seeks monetary damages.

## I. Background

Plaintiff alleges very few factual allegations in his Complaint. The pleading is composed almost entirely of unsupported legal claims. On October 16, 2022, at approximately 3:00 p.m., Plaintiff called emergency dispatch stating that he had been shot in the stomach. (Doc. No. 1-1 at PageID #: 31). The shooting took place in Shreve, Ohio which is located in Wayne County. Wayne County dispatchers took the call and tried to keep Plaintiff on the line. Other 911 calls tracking to the same address were coming into Wayne County. Officers reported that a neighbor, Darci, was applying pressure to a gunshot wound. She reported that "Daughter shot at Darrell because he came at them with a wrench." (Doc. No. 1-1 at PageID #: 31). He was shot with a 9mm gun. (Doc. No. 1-1 at PageID #: 31). Wayne County Deputies advised Desiree, the alleged shooter, to place the weapon on the ground and put her hands up. She complied. (Doc. No. 1-1 at PageID #: 31). Metro Life Flight was called to transport Plaintiff to the hospital as quickly as possible. Deputies arrested Desiree. They indicated in their report that they collected cell phones and a blanket from where the Plaintiff was found. They also spoke to neighbors.

Plaintiff alleges that Holmes County officials failed to investigate thoroughly his shooting. It is not clear how or why Holmes County became involved in the investigation as it appears the shooting took place in Wayne County. Nevertheless, Plaintiff claims they did not retrieve the clothing he was wearing when he was shot. (Doc. No. 1 at PageID #: 9). He further claims they did not investigate telephone records or Facebook messages. (Doc. No. 1 at PageID #: 9). He contends that the Holmes County Assistant Prosecutor was ineffective and did not present his side of the case to the grand jury resulting in a "no bill" decision for an indictment of Desiree. He

contends Desiree was allowed to assert that she acted in self-defense. (Doc. No. 1 at PageID #: 12). He claims they did not investigate Desiree's mental health records to determine if she was fit to carry a firearm. He contends that Desiree's grandfather is David Conti, the former Holmes County Sheriff. (Doc. No. 1 at PageID #: 12). Plaintiff claims that deputies did not come to the hospital to interview him but did go to the hospital to visit Julie Saffell, Desiree's mother, and convinced her to press charges against him. (Doc. No. 1 at PageID #: 17). It is not clear whether those charges were related to this shooting incident, or another incident. He alleges that Saffell stole his wallet and his debit card, but deputies failed to charge her with the theft. (Doc. No. 1 at PageID #: 12).

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

The crux of all of Plaintiff's numerous claims is that his rights were violated when Holmes County officials did not aggressively pursue criminal charges against Desiree for shooting him, or against Julie Saffell for taking his wallet. Plaintiff, however, does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Miller v. Dowagiac Police Department*, No. 96–2141, 1997 WL 640127, at *3 (6th Cir. Oct 14, 1997) (acknowledging that victim of vandalism had no due process right to investigation and prosecution); *McCrary v. Cnty. of Nassau*, 493 F.Supp.2d 581, 588 (E.D.N.Y.2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *White v. City of Toledo*, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002) (victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted). Because all of his claims are based on the premise that the Defendants did not sincerely pursue criminal charges and a conviction of Desiree, his claims must be dismissed.

IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

May 21, 2024                           /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE

---

[1]  28 U.S.C. § 1915(a)(3) provides:

>  An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.